# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ALEXANDER MOLDOVAN, et al.,**

       Plaintiffs,          Case No. 2:19-cv-12690
                                       Hon. Gershwin Drain

v.

**ORGAN PROCUREMENT**
**AGENCY OF MICHIGAN,**

       Defendant.

---

| | |
|---|---|
| Maia Johnson Braun (P40533) | Robert A. Boonin (P38172) |
| Attorney for Plaintiffs | Attorney for Defendant |
| GOLD STAR LAW, P.C. | DYKEMA GOSSETT PLLC |
| 2701 Troy Center Dr., Ste. 400 | 2723 South State Street, Ste. 400 |
| Troy, MI  48084 | Ann Arbor, MI  48104 |
| mjohnson@goldstarlaw.com | rboonin@dykema.com |
| (248) 295-7210 | (313) 568-6707 |

---

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT WITH ORDER OF DISMISSAL OF ALL CLAIMS, <u>WITH PREJUDICE AND WITHOUT FEES OR COSTS</u>

Plaintiffs DIANE HEMINGWAY and ALEXANDER MOLDOVAN, and Defendant ORGAN PROCUREMENT AGENCY OF MICHIGAN (hereinafter "OPAM"), through their respective undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice of All

Remaining Claims in Complaint with prejudice and without costs or fees, as follows:

1. Plaintiffs filed a Complaint in September 2019 claiming that they are owed overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Plaintiffs also made claims for liquidated damages under the FLSA.

3. OPAM believes that Plaintiffs were fully compensated in compliance with the FLSA, and thus denies any wrongdoing under the FLSA, and denies that its owes Plaintiffs any additional compensation of any kind, under any legal theory.

4. However, to avoid the costs and uncertainty of litigation and after a full day of mediation before Mediator David B. Calzone, Plaintiffs and OPAM have negotiated a settlement in this matter as to their respective claims (and other potential claims). This motion regards the approval of the settlement.

5. The settlement pays Plaintiffs the full amount of their respective overtime due, plus liquidated damages in an equal amount.

6. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), claims for back wages and other damages arising under the FLSA may be settled or compromised only with the approval of the district court or the Secretary of Labor. *But see Martin v. Spring Break '83 Productions, LLC*,

688 F.3d 247 (5th Cir. 2012) (court approval of settlement in a contested case is not a prerequisite to enforceability), *cert. denied,* 133 S. Ct. 795, 2012 U.S. LEXIS 9425 (2012).

WHEREFORE, the parties hereto, through their respective counsel, asks this Court to enter an Order approving their Motion, approving their settlement and dismissing what remains in this matter in its entirety, with prejudice, and, except as delineated in their respective settlement agreements, without costs or fees.

| **GOLD STAR LAW, P.C.** | **DYKEMA GOSSETT PLLC** |
|---|---|
| By:____/s/ Maia Johnson Braun____<br>Maia Johnson Braun (P40533)<br>Attorney for Plaintiffs<br>GOLD STAR LAW, P.C.<br>2701 Troy Center Drive, Ste. 400<br>Troy, MI  48084<br>mjohnson@goldstarlaw.com<br>(248) 295-7210 | By:___/s/ Robert A. Boonin_____<br>Robert A. Boonin (P38172)<br>Attorney for Defendant<br>DYKEMA GOSSETT PLLC<br>2723 South State Street, Ste. 400<br>Ann Arbor, MI  48104<br>rboonin@dykema.com<br>(313) 568-6707 |
| Dated: March 13, 2020 | Dated: March 13, 2020 |

## BRIEF IN SUPPORT OF JOINT MOTION
## TO APPROVE SETTLEMENT AGREEMENT
## AND TO DISMISS ALL REMAINING CLAIMS, WITH PREJUDICE

## THE SETTLEMENT NEGOTIATED BY THE PARTIES IS A FAIR AND REASONABLE RESOLUTION OF THE FLSA CLAIMS ASSERTED IN THIS MATTER, AND OTHERWISE, AND THUS, SHOULD BE APPROVED BY THE COURT.

As the court held in *Lynn's Foods* Stores, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or approved by the District Court. *See Lynn's Food Stores, Inc.,* 679 F.2d at 1353-55. To approve the settlement under this doctrine, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.*

In September 2019, Plaintiffs filed this lawsuit against Defendant alleging that Defendant owed them overtime compensation under the FLSA. Defendant contested that claim based on its belief that a) Plaintiff was exempt from being paid overtime premiums under the FLSA; b) Defendant's actions were undertaken in good faith and that any violation was inadvertent and unwillful; c) if Defendant's classification were in error, since Plaintiffs received a salary for all hours worked, only half-time would remain due for any overtime worked. Defendant also believe that to the extent that Plaintiffs were not exempt and were due have counted hours worked while employed beyond the time actually spent performing tissue recovery, that extra time (accounting for travel between recovery

sites during a workday and extra work performed while leads), resulted in only a few weeks during which their hours worked exceeded 40 and thereby implicated an alleged right to unpaid overtime.

In light of the above, and with the assistance of Mediator David B. Calzone Plaintiffs and OPAM have agreed to settle their overtime claims dispute through the execution of settlement agreements (entitled "Confidential Full and Final Release and Settlement Agreement") between each of them and Defendant. Each Plaintiff represents that in accordance with the terms of the settlement agreement, Plaintiff is receiving any and all overtime pay that each claims is due (which he now acknowledges is less than that described in his Complaint), and an equal amount as liquidated damages, payment of their respective attorneys' fees and costs they incurred in this action, plus other consideration. In addition, the parties are settling other claims each Plaintiff has or may have against OPAM, including but not limited to his claims for credit and contributions with respect to their respective participation in the retirement plan sponsored by OPAM. The parties agree that their settlement agreement should be kept confidential, but are prepared to provide the Court with a copy of the agreement for its *in camera* review.

The parties agree that the settlement terms they have reached in this action at arms-length, for which there is a bona fide dispute as to liability, represent a fair and equitable resolution of this matter and his other potential claims. The

5

payments required by the settlement agreement are contingent upon approval by the Court. Thus, the parties respectfully request that the Court approve their settlement and issue an Order dismissing all claims by Plaintiffs in in this action – which in turn, resolves all of the claims in this action, with prejudice and without costs or fees (except to the extent covered by the their settlement agreement).

WHEREFORE the parties respectfully request that the Court enter an Order approving the terms of the settlement of each Plaintiff's FLSA claim and thereby dismissing this action as to all claims brought by Plaintiffs, with prejudice, without costs or fees.

| **GOLD STAR LAW, P.C.** | **DYKEMA GOSSETT PLLC** |
|---|---|
| By:____/s/ Maia Johnson Braun____<br>Maia Johnson Braun (P40533)<br>Attorney for Plaintiffs<br>GOLD STAR LAW, P.C.<br>2701 Troy Center Drive, Ste. 400<br>Troy, MI  48084<br>mjohnson@goldstarlaw.com<br>(248) 295-7210 | By:____/s/ Robert A. Boonin_____<br>Robert A. Boonin (P38172)<br>Attorney for Defendant<br>DYKEMA GOSSETT PLLC<br>400 Renaissance Center<br>Detroit, MI  48243<br>rboonin@dykema.com<br>(313) 568-6707 |
| Dated: March 13, 2020 | Dated: March 13, 2020 |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 13th day of March, 2020, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system which gives notice of the filing to all counsel of record.

/s/ Robert A. Boonin

4850-8182-8535.1